FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2021 SEP 24 PM 1:27

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

RICHARD LUTHMANN,

Plaintiff,

v.

THE FEDERAL BUREAU OF INVESTIGATION,

Defendant.

Case No. _____

2:21cv716-JES-NPM

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Pro Se, alleges:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*, brought by Richard Luthmann ("Luthmann"), for injunctive and other appropriate relief, seeking the release of agency records from The Federal Bureau of Investigation ("FBI").

2. Luthmann is a disabled and indigent person who receives government benefits. Luthmann cannot pay the $400.00 filing fee because said fee is almost double the amount of his current monthly government benefits. See the attached EXHIBIT "A". Luthmann asks the Court to order that the United States Marshals serve the legal process in this case upon the defendant, the FBI.

3. Through this lawsuit, Luthmann seeks to compel the FBI to provide all records requested through FOIA relating to any and all FBI investigations into Luthmann.

4. The FBI has claimed that all responsive documents are exempt under FOIA because their release would constitute an interference with a law enforcement

1

investigation. But any law enforcement investigation into Luthmann that may once have existed is now long since over, and thus the claim that release of records would "interfere" with it is demonstrably incorrect.

5. Additionally, the FBI maintains applicable records concerning Luthmann that are wholly unrelated to the FBI Investigation and are properly disclosable under FOIA.

6. Moreover, even if there were an ongoing or prospective investigation, the FBI has made no showing, as it must under FOIA, that release of specific records related to it would necessarily disrupt that investigation.

7. Also, the FBI has waived the protections of FOIA and the Privacy Act by disclosing information from Luthmann's FBI file to third parties.

8. Additionally, potential witnesses have waived their anonymity in this matter.

9. Because the requested records are legally available as a matter of right and Luthmann has exhausted all administrative remedies and pre-conditions to suit, Luthmann now institutes this lawsuit.

## PARTIES

10. Plaintiff Richard Luthmann is an individual United States citizen and a resident of the State of Florida in Collier County that made the FOIA requests at issue in this lawsuit. As Luthmann is not an attorney licensed to practice law, the Court should give liberal construction to these pleadings of a pro se litigant. *Albra v. Advan, Inc.*, 490 F.3d 826 (11th Cir. 2007).

11. Defendant FBI is an agency of the federal government that has possession, custody and/or control of the records that Luthmann seeks. The FBI is headquartered at

935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001, and is amenable to suit in the Middle District of Florida.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action and personal jurisdiction over the FBI pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

13. Luthmann has exhausted all available administrative remedies against the FBI because the FBI has issued its final determination to deny access to all responsive records, and Luthmann's administrative appeal therefrom has been rejected.

## FACTS

### The FBI Investigation

14. In or around 2015, the FBI began an investigation into Luthmann, culminating in criminal charges being filed against Luthmann in the Eastern District of New York. See *United States v. Luthmann*, CR-17-664 (E.D.N.Y. 2017). The matter has since been resolved and Luthmann was released from the custody of the United States Attorney General on August 5, 2021.

15. Upon information and belief, the investigation into Luthmann has concluded.

16. Upon information and belief, the FBI maintains applicable records concerning Luthmann that are wholly unrelated to the FBI Investigation and are properly disclosable under FOIA.

### Luthmann's FOIA Request

17. On May 12, 2021, Luthmann requested from the FBI, via a written paper FOIA request, records relating to Luthmann's FBI file. In his request, Luthmann

specifically stated the records he was seeking were: "All materials in any way relating to the above-referenced RICHARD LUTHMANN...". See the attached EXHIBIT "B".

18. Out of an abundance of caution and for fear that the FBI might simply throw a written paper FOIA request into the trash bin, on May 12, 2021, Luthmann requested from the FBI, via an e-FOIA request, records relating to Luthmann's FBI file. In his request, Luthmann specifically stated the records he was seeking were: "All materials in any way relating to the above-referenced RICHARD LUTHMANN...". The FBI acknowledged receipt of Luthmann's eFOIA request on May 12, 2021. See the attached EXHIBIT "C".

19. The FBI never acknowledged receipt of Luthmann's written paper FOIA request.

### The FBI Denial

20. On May 24, 2021, the FBI denied Luthmann's FOIA request on the basis of 5 U.S.C. § 552(b)(7)(A), indicating that the FBI would not process the request. Specifically, the agency stated: "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed." See the attached EXHIBIT "D".

21. The FBI never informed Luthmann whether it had located any pages or how many pages of responsive records, nor whether any or how much responsive audio and video material had been located.

Administrative Appeal

22. On June 4, 2021, Luthmann submitted a written paper administrative appeal from the FBI's denial to the Director, Office of Information Policy (OIP), U.S. Department of Justice. See the attached EXHIBIT "E".

23. On June 22, 2021, out of an abundance of caution, and for fear that the FBI may just toss Luthmann's paper administrative appeal into a trash can to make it go away, Luthmann also submitted the administrative appeal from the FBI's denial in the government's electronic system via OIP FOIA STAR Portal. See the attached EXHIBIT "F".

24. In the administrative appeal, Luthmann stated that there was no ongoing or prospective investigation, no plausible interference with any such investigation, and thus no proper basis for the FBI's wholesale denial. Luthmann also explained that, under governing law, the FBI had a responsibility to conduct its review (and justify withholding) on a category-by-category basis and requested that the FBI provide a specific explanation why it was denying Luthmann's request for each category of documents.

25. On August 5, 2021, the Department of Justice affirmed the FBI's decision not to disclose any records (the "Final Determination"). See the attached EXHIBIT "G". The OIP

26. The Final Determination did not dispute or rebut any of the claims Luthmann made in his administrative appeal.

27. The Final Determination did not address whether FBI records containing "[a]ll materials in any way relating to...RICHARD LUTHMANN..." would be released.

28. The Final Determination did not address detailed reasons as to why any portion of the requested records should not be released.

5

29. The Final Determination did not provide any explanation of the reasons Exemption 7(A) might apply to particular categories of records. Instead, the Final Determination stated only: "The FBI properly withheld certain information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings."

30. The FBI has not sufficiently justified their categorical withholding of all records responsive to the FOIA request.

31. The FBI has failed to satisfy their obligation to release any reasonably segregable portions of responsive records.

32. The FBI made no attempt to review and redact the contents of applicable responsive records, so the volume of the potential universe of the records properly and/or potentially disclosable under FOIA is unknown.

33. Luthmann's June 4 and June 22, 2021 Administrative appeals put the government on notice that an agency cannot justify withholding an entire document simply by showing that it contains some exempt material. Further, the government is on notice that FOIA requires that any reasonable segregable portion of the record shall be provided to any person requestion such record after deletion of the portions which are exempt. See, e.g., Mead Data Cent. Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 260-61 (D.C. Cir. 1977).

34. Luthmann's June 4 and June 22, 2021 Administrative appeals made an explicit request for the FBI's production of all responsive records Bates-labeled in sequence and indicating which pages are being withheld (if any).

35. Luthmann's June 4 and June 22, 2021 Administrative appeals made an explicit request for the FBI to explain why any pages are being withheld or any redactions are being made in the FBI's production of all responsive records.

36. Luthmann's June 4 and June 22, 2021 Administrative appeals made an explicit request for the FBI to explain why any pages are being withheld or any redactions are being made in the FBI's production of all responsive records.

37. Luthmann's requests are not unreasonable because Luthmann wanted the FBI to create a full record of the FBI's production should this matter end up being litigated in order to create a record that would aid the Court in making a proper determination.

Waiver

38. The FBI has waived the excludability of certain potential witness records and/or references based upon their disclosures and communications with third parties.

39. Additionally, certain witnesses have also waived the excludability of their records and/or references based upon their own disclosures and communications with third parties concerning information furnished by the the FBI. See the attached EXHIBIT "H".

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## FIRST CAUSE OF ACTION
(FBI's wrongful withholding of records and
its failure to make them promptly available)

40. Luthmann repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

41. The FBI is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records as to which it is claiming an exemption.

42. The FBI's final determination that it will not disclose any of the records requested by Luthmann, its failure to adequately explain its reasons for withholding them, and its failure to make them promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the FBI's corresponding regulations.

## REQUEST FOR RELIEF

WHEREFORE, Luthmann respectfully requests that this Court:

   a. Declare Luthmann indigent and waive the court fees in this matter;

   b. Order the United States Marshals to serve defendant, The Federal Bureau of Investigation, in this matter;

   c. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

   d. Declare that the records requested by Luthmann, including as more particularly described above, are public records pursuant to 5 U.S.C. § 552 and must be disclosed;

   e. Declare that no exemption, law, statute, rule, or regulation exempts the requested records from disclosure;

f.  Order the FBI to produce the requested records, including electronic copies of records stored in electronic format within 10 business days of the Court's order;

g.  Award Luthmann the costs of this proceeding, including reasonable attorney's fees, as authorized by FOIA; and

h.  Luthmann such other and further relief as this Court deems just and proper.

Dated: September 15, 2021

Respectfully submitted,

*(signature)*

Richard Luthmann
*Pro Se Plaintiff*
338 Sugar Pine Lane
Naples, FL 34108