UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LUTHMANN,

    Plaintiff,

v.                                            Case No. 2:21-cv-716-JES-NPM

THE FEDERAL BUREAU OF
INVESTIGATION and THE
UNITED STATES DEPARTMENT
OF JUSTICE,

    Defendants.
_____/

**ANSWER TO FIRST AMENDED COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Federal Bureau of Investigation ("Defendant"), a component-agency of the Defendant United States Department of Justice ("DOJ"), hereby responds to the First Amended Complaint for Declaratory Judgment and Injunctive Relief (Doc. 34) filed by Plaintiff, Richard Luthmann ("Plaintiff").

**RESPONSES TO THE NUMBERED PARAGRAPHS**

Defendant responds below to the separately numbered paragraphs and demand for relief contained in this First Amended Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the First Amended Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should

not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds as follows:

1. This paragraph consists of Plaintiff's characterization of the present action, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief he seeks in this action.

2. This paragraph consists of Plaintiff's characterization to his inability to pay fees, to which no response is required. To an extent a response is required, Defendant is without sufficient knowledge sufficient to form a belief about the truth of the allegations and therefore denies the same. Defendant respectfully refers the Court to Exhibit A for a complete statement of its contents. Defendant further denies that Luthmann is entitled to a fee waiver as to any administrative fees for duplication of records.

3. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

4. Defendant admits only that it responded to Plaintiff's FOIA request on May 24, 2021. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations of this paragraph to the extent they are inconsistent with the full text of the request.

5. This paragraph states information the Defendant can neither admit nor deny. To the extent a response is required the FBI denies the information in paragraph 5.

6. This paragraph states information the Defendant can neither admit nor deny. To the extent a response is required the FBI denies the information in paragraph 6.

7. This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 7.

8. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 8.

9. This paragraph consists of Plaintiff's legal conclusions. To the extent a response is required, Defendant denies the allegations.

## PARTIES

10. This paragraph contains Plaintiff's self-description. Defendant lacks sufficient information or knowledge to form a belief about the truth of this description.

11. Defendant admits that the FBI is a component of the DOJ and is subject to the requirements of the FOIA. The second and third sentences are

legal conclusions couched as a factual allegation; therefore, no response is required.

## JURISDICTION AND VENUE

12. The first and second sentences set forth legal conclusions regarding jurisdiction and venue, to which no response is required.

13. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 13.

## FACTS

14. This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

15. This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

16. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent is required, Defendant denies the allegations in paragraph 16.

### Luthmann's FOIA Request

17. As to paragraph 17, Defendant admits only that the FBI received a FOIA request from Plaintiff, dated May 12, 2021. Defendant respectfully refers the Court to that request for a complete and accurate statement of its

contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

18. Defendant admits only that the FBI received a FOIA request from Plaintiff, dated May 12, 2021. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

19. Defendant denies never acknowledging Plaintiff's FOIA request. Defendant respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

20. Defendant admits that Defendant sent a letter to Plaintiff dated May 24, 2021, denying Plaintiff's FOIA request. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter. Defendant lacks sufficient information or knowledge to confirm or deny the details of Plaintiff's receipt of such letter.

21. Defendant admits that Defendant sent a letter to Plaintiff dated April 20, 2022, regarding FOIA fees. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies

       the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter.

22. Defendant admits Plaintiff submitted a written appeal to OIP on June 4, 2021. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

23. Defendant admits by second letter dated June 22, 2021, Plaintiff submitted a duplicate appeal to OIP. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

24. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. To the extent a response is required, Defendant denies the allegations.

25. Defendant admits. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

26. Defendant denies. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents

and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

27. Defendant denies. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

28. Defendant denies. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

29. Defendant denies. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

30. Defendant denies.

31. Defendant denies.

32. Defendant denies.

33. Defendant denies.

34. Defendant admits that on June 4, 2021, and June 22, 2021, Plaintiff made a request for FBI's production of responsive records. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies allegations in this

paragraph to the extent they are inconsistent with the full text of the correspondence.

35. Defendant admits that on June 4, 2021, and June 22, 2021, Plaintiff made a request to FBI to explain why pages were being withheld. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies allegations in this paragraph to the extent they are inconsistent with the full text of the correspondence.

36. Defendant admits that on June 4, 2021, and June 22, 2021, Plaintiff made a request for FBI's production of responsive records. Defendant respectfully refers the court to that correspondence for a complete and accurate description of its contents and denies allegations in this paragraph to the extent they are inconsistent with the full text of the correspondence.

37. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, this, no response is required.

38. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, this no response is required.

39. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, this no response is required.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (FBI's Wrongful Withholdings of Records and Its Failure to Make Them Promptly Available)

40. Defendant incorporates its responses to all preceding paragraphs.

41. This paragraph consists of legal conclusion, to which no response is required.

42. This paragraph consists of legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

### PRAYER FOR RELIEF

The remainder of Plaintiff's First Amended Complaint sets forth Plaintiff's requested relief, to which no response is required. To the extent that this paragraph and/or its subparts may be deemed to contain factual allegations, they are denied. To the extent a response is otherwise deemed required, Defendant denies that Plaintiff is entitled to the relief for which Plaintiff seeks.

### DEFENSES

Defendant alleges the following defenses to claims asserted in the First Amended Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to it through the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

DATED this 5th day of July, 2022.

                                      Respectfully submitted,

                                      ROGER B. HANDBERG
                                      United States Attorney

By:    */s/ Chad C. Spraker*
        Chad C. Spraker
        Assistant United States Attorney
        United States Attorney No. 198
        2110 First Street, Suite 3-137
        Fort Myers, Florida 33901
        Telephone:  (239) 461-2200
        Facsimile:   (239) 461-2219
        Email: chad.spraker@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was furnished by via U.S. mail on July 5, 2022, to the following:

Richard Luthmann
Pro Se Plaintiff
338 Sugar Pine Lane
Naples, FL 34108

                                                */s/ Chad C. Spraker*
                                                Chad C. Spraker
                                                Assistant United States Attorney