UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LUTHMANN,

    Plaintiff,

v.                                         Case No. 2:21-cv-716-JES-NPM

FEDERAL BUREAU OF
INVESTIGATION; UNITED
STATES DEPARTMENT OF
JUSTICE,

    Defendants.
_____/

## Unopposed Motion for Extension of Time

Defendants seek to extend the parties' *Vaughn* Index and Dispositive Motions deadline ("Summary Judgment deadline"). Specifically, Defendants ask the Court to extend the deadline to September 14. Plaintiff does not oppose the requested relief.

Defendants made their monthly productions—completing the rolling review and production by the April deadline. Now, the parties are turning to dispositive motions. The Summary Judgment deadline is June 16. But for the reasons described below, a ninety-day extension is necessary for Defendants to meet their summary judgment obligations.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish 'good cause' a party must show that the schedule cannot be met despite the diligence of the party seeking the extension."

*Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (cleaned up). Despite their diligence, Defendants require an extension of the summary judgment deadline.

This FOIA case is voluminous. There are around 4,000 pages with redactions or claimed exemptions. At summary judgment, Plaintiff may challenge many of these redactions or exemptions as well as the sufficiency of the search itself. In a voluminous case like this, Defendants must expend considerable effort and resources to work through such a thick record. Along with reviewing and justifying the redactions or exemptions, Defendants often need to seek declarations from other federal agencies in support of summary judgment. What's more, this case is not in a vacuum. There are immense demands on Defendants from FOIA litigation nationwide. For instance, FBI alone is dealing with over 400 cases in active litigation despite losing several experienced FOIA staff in just the last few months.

Having carefully considered the ability to meet their FOIA obligations here and in other cases, Defendants conclude a ninety-day extension is necessary. As discussed above, Defendants have been diligent during this action. Despite a dispute on payment, Defendants completed the rolling production on time without missing a month or seeking any extensions. Nor did Defendants wait until the last moment to file this Motion. Because Defendants have been diligent—and considering the realities described above—good cause exists to modify the schedule.

For those reasons, Defendants ask the Court to extend the Summary Judgment deadline to September 14. While technically possible, FOIA trials are almost unheard of. *Citizens for a Strong N.H., Inc. v. IRS*, No. 14-cv-487-LM, 2015 WL 5098536, at *8

(D.N.H. Aug. 31, 2015). So Defendants do not believe it is necessary to extend the trial-related deadlines at this time. But, of course, Defendants defer to the Court on controlling its trial calendar.

## Local Rule 3.01(g) Certification

Defendant conferred with Plaintiff by email on May 16. Plaintiff does not oppose the relief sought.

Date: May 16, 2023

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

_____
Kevin R. Huguelet
Assistant United States Attorney
Kevin.Huguelet@usdoj.gov
Florida Bar Number 125690
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2237
Fax: (239) 461-2219

## Certificate of Service

I certify that a copy of this paper was sent by email (on May 16) and will be sent by U.S. Mail (on May 17), to the following:

Plaintiff Richard Luthmann (pro se)
338 Sugar Pine Lane                    Richard.luthmann@gmail.com
Naples, FL 34108

## Local Rule 1.08 Certification

After review, this paper conforms with the Court's typography requirements.