

Richard L <richard.luthmann@gmail.com>

## Luthmann v. The FBI at al., Case No. 2:21-cv-716-JES-NPM
1 message

**Richard L** <richard.luthmann@gmail.com>   Thu, Aug 3, 2023 at 3:19 PM
To: "Huguelet, Kevin (USAFLM)" <kevin.huguelet@usdoj.gov>, "Spraker, Chad (USAFLM)" <Chad.Spraker@usdoj.gov>
Cc: Simon.Eth@usdoj.gov
Bcc: Richard Luthmann <richard.luthmann@protonmail.com>

Mr. Huguelet and Mr. Spraker,

I have copied Mr. Eth from your office, who is the Government's representative in USA v. Luthmann, 2:22-cr-00021-SPC-NPM. Judge Mizell is also the magistrate in that case.

The Clerk of Court has just made public the documents I filed in that case. Relevant to the instant case are revelations that Kevin Barry Love and others have been in contact with the FBI and the DOJ. See ECF #22.

The basis for the lawsuit is the release of the information in the entire FBI file. I believe the FBI and DOJ have an ongoing obligation to supplement the universe of disclosure with new materials. If the universe of documents has expanded (which it evidently has), I believe the FBI has an obligation to disclose that expanded universe and conduct its document review accordingly prior to disclosure patterns.

The above being said, I cannot file my Motion for Summary Judgment in this case until I am assured I have the entire universe of FBI materials, which the Court filing in USA v. Luthmann and the audio of Kevin Barry Love with my former collections attorneys shows I likely do not. You can call attorneys Lawrence Almagno and Jesse Duarte at (401) 946-4LAW to corroborate the Kevin Barry Love menacing phone call.

I attach the audio from the Kevin Barry Love interstate menacing phone call dated April 4, 2023. I also attach the complaint that was sent to the FBI Offices in New York and Providence.

I also attach a document from US Probation specifically mentioning Kevin Barry Love because he had been in contact with Federal Agents, making false statements in violation of 18 USC 1001, and causing the US Probation Office to violate my constitutional rights based on his lies and apparently intervening, superseding, tortious, and outlandish conduct. Kevin Barry Love says he contacted the FBI, and his name couldn't have gotten onto that document unless he was talking to the Federal Authorities. I feel bad for the officers that were contacted because they were clearly lied to. Kevin Barry Love will do anything and say anything to avoid paying valid debts, including lying to Federal Agents. You know how the law works, but I feel it would be unjust to bring these honest and hardworking USPO officers in on a section 1983 action if they were brazenly lied to in violation of 18 USC sec. 1001 if there are intervening and superseding bad actors.

All of these documents are part of the filing in the case Mr. Eth is handling. The US Probation Document has also been filed in a Letter of official complaint to the Administrative Office of the U.S Courts in Washington, DC.

Before filing a motion with the Court, I was wondering if we could agree to any of the relief I will request:

- I want to extend the existing briefing schedule for good cause shown.
- I want the USAO to go back to the FBI and the DOJ and see if the universe of documents has expanded.
- Once we have an answer, I want a new briefing schedule to be put in place, taking into account whether there are additional documents that need review and redaction.

I hope you can appreciate that I cannot adequately move the Court for Summary Judgment if there are questions about the disclosure and the size of the universe of documents.

I am available for a call at any time.

Regards,

Richard Luthmann
(239) 631-5957



**3 attachments**



**Kevin Love 4-4-2023 Menacing Call.m4a**
5622K

**18-USC-sec.-875d-MEMO-Clean.pdf**
134K

**PROBATION DOCUMENT.pdf**
419K

## 18 U.S.C. § 875. Interstate communications

**(d)** Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C.S. § 875 (LexisNexis, Lexis Advance through Public Law 117-327, approved December 27, 2022)

On April 4, 2023, KEVIN BARRY LOVE ("Love") called ALMAGNO LAW, INC., the law office of Lawrence P. Almagno, Jr., Esq. ("Almagno"). Also present was Jesse Duarte, Esq. The law office is located in Cranston, Rhode Island. The law firm's telephone number is (401) 946-4529. Almagno returned the call to Love, who proceeded to threaten Almagno.

A recording is attached.

During the conversation, Love made specific threats using the telephone and knowingly did so across state lines.

Love admits he is in the State of New York while making the call.

The sole purpose of the call was a communication threatening to injure the property and reputation of Almagno and accuse Almagno of a crime.

Love states the FBI and DOJ have already been contacted and insinuates that he can cause these governmental agencies to act on his behalf.

Love threatens Almagno's law license and livelihood because he practiced his profession, by filing a collections action.

There was no attempt to settle or resolve the case. Love's entire purpose was to extort, threaten, and intimidate.

Love has a history of threats and intimidation.

Love's paramour (who he falsely claims is his wife), Kamillah Hanks, is an NYC Councilwoman. Love is her *de facto* agent and "enforcer."

Love has already engaged conduct that smacks of extortion on numerous occasions. One witness is Michael J. Cox, 718-880-0426. Cox worked on Hank's 2017 campaign and was owed $14,000. Cox suffered a heart attack. Days later, Love "took Cox for a ride" in Brooklyn and tried to force him to take $1,250 to "settle" the debt. Cox couldn't leave the car because of his health conditions. Because of Love's extortionate threats, Cox is fearful and has never been paid for his work.

Love's statements to Almagno, witnessed by Duarte, are clearly threatening and an attempt at extortion across state lines.

Focus in determining whether threat has been made is on whether defendant reasonably should have foreseen that statement he uttered would be taken as threat by those to whom it was made. United States v. Fulmer, 108 F.3d 1486, 46 Fed. R. Evid. Serv. (CBC) 411, 1997 U.S. App. LEXIS 5869 (1st Cir. 1997).

Defendant made at least two threats to operator of hotline dedicated to finding missing children, where during eight telephone calls over two-day period he told operator continuing saga of how he had abducted and sexually forced himself on his fourteen-year-old stepdaughter, though he was only playing elaborate prank. United States v. Freeman, 176 F.3d 575, 1999 U.S. App. LEXIS 9316 (1st Cir. 1999).

First Circuit saw no reason to depart from its prior law that objective test of defendant's intent was used from defendant's vantage point under this statute. United States v. Clemens, 738 F.3d 1, 2013 U.S. App. LEXIS 24488 (1st Cir. 2013).

Objective of party employing fear of economic loss or damage to reputation will have bearing on lawfulness of its use, and it is material whether defendant had claim of right to money demanded; where threat of harm to person's reputation seeks money or property to which threatener does not have, and cannot reasonably believe she has, claim of right, or where threat has no nexus to plausible claim of right, threat is inherently wrongful and its transmission in interstate commerce is prohibited by 18 USCS § 875(d). United States v. Jackson, 180 F.3d 55, 52 Fed. R. Evid. Serv. (CBC) 639, 1999 U.S. App. LEXIS 11906 (2d Cir.).

It is not whether means of communication chosen by defendant caused threat to reach "indefinite and unknown audience," but whether defendant intended to communicate threat to victim through chosen means. United States v. Kelner, 534 F.2d 1020, 1976 U.S. App. LEXIS 11878 (2d Cir.).

Although jury was erroneously instructed that communicating threat only required that reasonable person would regard communication as threat, error was harmless since evidence clearly showed that defendant had subjective intent to issue threat or knowledge that communication would be viewed as threat. United States v. Choudhry, 649 Fed. Appx. 60, 2016 U.S. App. LEXIS 9215 (2d Cir. 2016).

Providence Rhode Island FBI Office
10 Dorrance Street, 900
Providence, Rhode Island, 02903

New York City FBI Office
26 Federal Plaza, 23rd Floor
New York, NY 10278-0004