UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LUTHMANN,

    Plaintiff,

v.                                               Case No. 2:21-cv-716-JES-NPM

FEDERAL BUREAU OF
INVESTIGATION and UNITED
STATES DEPARTMENT OF
JUSTICE,

    Defendants.
_____/

### Response to Plaintiff's Motion

Defendants respond in partial opposition to Plaintiff's Motion (Doc. 51). Specifically, Defendants do not oppose Plaintiff's limited request to extend the current briefing schedule for summary judgment. As to the rest of the Motion, Defendants oppose.

Before getting to the heart of the Motion. It should be denied for failure to comply with Local Rule 3.01(g). The Motion did not include the required certificate, which is enough to deny it. M.D. Fla. Local R. 3.01(g)(2); *Clements v. Comm'r of Social Security*, No. 2:22-cv-190-JLB-NPM, 2022 WL 1136570, at *1 (M.D. Fla. Apr. 18, 2022) (Mizell, J.). And while Plaintiff emailed Defendants (through counsel) on August 3, he apparently did not await a response before filing the motion. Defendants responded to Plaintiff by email on August 4—stating their position here. Yet the

Motion does not contemplate any conference. (Doc. 51 at 1 ("I have heard nothing.")). If the Court looks past the noncompliance with Rule 3.01(g), Defendants will memorialize their position for the Court.

This is a FOIA case. Defendants finished their search, review, and production related to Plaintiff's FOIA request. So the only remaining issue is to brief summary judgment. At summary judgment, Plaintiff is free to challenge the sufficiency of the search, review, and production. *E.g.*, *Khullar v. Rosario*, No. 21-62007-CIV-SINGHAL, 2022 WL 1605340, at *1 (S.D. Fla. May 20, 2022) ("Challenges to the adequacy of an agency's search for records responsive to a FOIA request are generally resolved at the summary judgment phase once the documents in issue are properly identified."). Any attempt to litigate the sufficiency of a FOIA search through a motion for extension of time is premature and improper.

What's more, it is unclear whether any document predates Plaintiff's FOIA request. The law is clear that agencies are not obligated to continually search records for documents that post-date a FOIA request. *E.g.*, *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1255 n.17 (11th Cir. 2008) (stating documents were not responsive to a plaintiff's FOIA requests because they post-dated the requests).[1]

---

[1] *See also N.Y. Times Co. v. DOJ*, 756 F.3d 100, 110 n.8 (2d Cir. 2014) ("As a general rule, a FOIA decision is evaluated as of the time it was made and not at the time of a court's review."); *Jud. Watch, Inc. v. Dep't of Navy*, 971 F. Supp. 2d 1, 4 (D.D.C. 2013) ("Because these headings post-date the Navy's search for documents in response to plaintiff's FOIA request, they are by definition nonresponsive."); *Negley v. FBI*, 766 F. Supp. 2d 190, 195 (D.D.C. 2011) ("Defendant's assumption that Plaintiff's [FOIA] request was limited to documents in existence at the time of his request and within the scope of the request was eminently reasonable.").

2

Likewise, an agency is not obligated to update its records search after the fact. *E.g.*, *ACLU v. NSA*, 925 F.3d 576, 602 (2d Cir. 2019) ("And crucially, we have *never* ordered an agency to reprocess records simply to reassure ourselves that a FOIA decision remains up-to-date.").[2] As many courts note, "to require an agency to adjust or modify its FOIA response based on post-response occurrences could create an endless cycle of judicially mandated reprocessing each time some circumstance changes." *E.g.*, *Florez v. CIA*, 829 F.3d 178, 188 (2d Cir. 2016). So any request to have Defendants conduct new searches or re-review documents is misplaced.

For those reasons, Defendants oppose any CMSO modification to permit further record review or production. That said, Defendants do not oppose the Motion to the extent that it makes a limited request for additional time to brief summary judgment. In doing so, Defendants take no position on whether the Motion makes the good cause showing required by Rule 16(b)(4). And they defer to the Court on any extension length.

**[Intentionally left blank]**

---

[2] *See also Kowalczyk v. DOJ*, 73 F.3d 386, 388 (D.C. Cir. 1996) ("A reasonable effort to satisfy that request does not entail an obligation to search anew based upon a subsequent clarification.").

| | |
|---|---|
| Date: August 7, 2023 | Respectfully submitted, |
| | ROGER B. HANDBERG<br>United States Attorney |
| /s/ Chad Spraker<br>Chad C. Spraker<br>Assistant United States Attorney<br>Chad.Spraker@usdoj.gov<br>USA Number 198<br>2110 First Street, Suite 3-137<br>Fort Myers, Florida 33901<br>Phone: (239) 461-2245 | /s/ Kevin Huguelet<br>Kevin R. Huguelet<br>Assistant United States Attorney<br>Kevin.Huguelet@usdoj.gov<br>Florida Bar Number 125690<br>2110 First Street, Suite 3-13<br>Fort Myers, Florida 33901<br>Phone: (239) 461-2237 |

### Certificate of Service

I certify that a copy of this paper was sent by email and U.S. Mail on August 7, 2023, to the following:

Plaintiff Richard Luthmann (pro se)
338 Sugar Pine Lane             Richard.luthmann@gmail.com
Naples, FL 34108

### Local Rule 1.08 Certification

After review, this paper conforms with the Court's typography requirements.