UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**RICHARD LUTHMANN,**

    Plaintiff,

v.                                                        2:21-cv-716-JES-NPM

**THE FEDERAL BUREAU OF INVESTIGATION** and
**UNITED STATES DEPARTMENT OF JUSTICE,**

    Defendants.

## ORDER

In this FOIA action, plaintiff Richard Luthmann seeks additional documents from the government. At the onset of this case, the court entered a scheduling order requiring the government to conduct a rolling review and production of the 4,655 pages of documents responsive to Luthmann's FOIA request. (Doc. 27). After months of review, this process is complete. But Luthmann believes new documents exist that fit within his FOIA request. And he argues that the government has "an ongoing obligation to supplement the universe of disclosure with new materials." (Doc. 51). So he asks the court to implement a new rolling schedule so the government can produce these new materials. He is mistaken.

The government has no continuing duty to identify records that post-date Luthmann's FOIA request. *See Am. C.L. Union v. Nat'l Sec. Agency*, 925 F.3d 576, 602 (2d Cir. 2019). "To require an agency to adjust or modify its FOIA responses

based on post-response occurrences could create an endless cycle of judicially mandated reprocessing." *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991). And if Luthmann wishes to challenge the sufficiency of the government's production, he may do so at summary judgment. *Khullar v. Rosario*, No. 21-62007-CIV, 2022 WL 1605340, *1 (S.D. Fla. May 20, 2022) ("Challenges to the adequacy of an agency's search for records responsive to a FOIA request are generally resolved at the summary judgment phase once the documents in issue are properly identified.").

Based on the foregoing, there is no need to push back the summary-judgment deadline. So Luthmann's request that the court do so is denied. Besides, Luthmann never complied with Local Rule 3.01(g) prior to filing his motion, so his motion is due to be denied on this basis alone. Accordingly, Luthmann's motion (Doc. 51) is **DENIED**.

**ORDERED** on August 9, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE