# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

RICHARD LUTHMANN,

    Plaintiff,

v.                                  Case No. 2:21-cv-716-JES-NPM

FEDERAL BUREAU OF
INVESTIGATION; UNITED
STATES DEPARTMENT OF
JUSTICE,

    Defendants.
_____/

## Second Unopposed Motion for Extension of Time

Defendants seek to extend the parties' *Vaughn* Index and Dispositive Motions deadline. Specifically, Defendants ask the Court to extend the deadline to February 1, 2024. Plaintiff does not oppose the requested relief.

Defendants made ten (10) timely interim releases of Federal Bureau of Investigation ("FBI") documents to Plaintiff. But for the reasons described below, a ninety-day extension is necessary for Defendants to meet their summary judgment obligations.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish 'good cause' a party must show that the schedule cannot be met despite the diligence of the party seeking the extension."

*Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (cleaned up). Despite their diligence, Defendants require an extension.

This FOIA case is voluminous. There are around 4,000 pages with redactions or claimed exemptions. At summary judgment, Plaintiff may challenge many of these redactions or exemptions as well as the sufficiency of the search itself. In a voluminous case like this, Defendants expend considerable effort with limited resources to work through such a thick record. Defendants must review and justify the redactions or exemptions, then secure detailed declarations (or affidavits) to support their position. *E.g.*, *ACLU v. DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011). Sometimes, federal agencies must consult and get sworn statements from separate, nonparty agencies. *E.g.*, *Canning v. DOS*, 134 F. Supp. 3d 490, 510-11 (D.D.C. 2015); *Humane Soc'y of US v. Animal and Plant Health Inspection Serv.*, 386 F. Supp. 3d 34, 44 (D.D.C. 2019).

Currently, Defendants are awaiting two declarations. As explained below, each is necessary to address summary judgment. What's more, FBI is awaiting the return of two consults previously sent to other government agencies—which may result in the release more documents to Plaintiff without the need for briefing.

First, Defendants need a declaration from the Department of Justice ("DOJ"), Criminal Division ("CRIM"). To complete that declaration, it is necessary to coordinate with a separate part of the DOJ—the Executive Office for United States Attorneys ("EOUSA")—and consult on fifty-four (54) pages containing their exemption assertions. On review before briefing, CRIM realized the (b)(3) exemptions asserted on these pages were attributed to CRIM. These, however, were actually pages

2

CRIM recommended for a consult to EOUSA. CRIM brought this to the attention of FBI. FBI then followed up and consulted the pages to EOUSA. EOUSA now needs additional time to review the consult and assert the exemptions it deems proper. Once done, Defendants can argue for the exemptions with the necessary support, or (alternatively) release the documents to Plaintiff. Either way, briefing the exemptions is impossible before the relevant entity (i.e., EOUSA) finally decides whether to assert them.

Second, Defendants need a declaration from the Department of Commerce. Here, Defendants sent and received two consults with Commerce, which claimed certain exemptions. But Defendants are awaiting the result of a third, eighty-four (84) page consult. Review indicated that this consult was meant to be sent to Commerce along with the earlier consults but was inadvertently left out.

Since both declarations and final exemption decisions are outstanding, Defendants request an extension to complete their summary judgment briefing. Considering the realistic back-and-forth needed to fulfill Defendants' FOIA obligations, they believe a ninety-day extension is necessary.

For what it's worth—as before—Defendants are still working under immense demands from FOIA litigation nationwide. For instance, FBI alone is dealing with over 400 cases in active litigation. Defendants have capable, dedicated employees working on FOIA matters. But the realities of an overwhelming workload in the face of limited resources buttresses Defendants' need for more time.

As discussed above, Defendants have been diligent during this action. Defendants completed production of FBI documents in their possession on time and have been continuing to work towards resolving this case at summary judgment. Nor did Defendants wait until the last moment to file this Motion. Because Defendants have been diligent—and considering the realities described above—good cause exists to modify the schedule.

For those reasons, Defendants ask the Court to extend the Summary Judgment deadline to February 1.

## Local Rule 3.01(g) Certification

Defendant conferred with Plaintiff by email on October 17, 2023. Plaintiff does not oppose the relief sought.

Date: October 17, 2023                              Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


/s/ Chad C. Spraker                                  /s/ Kevin R. Huguelet
Chad C. Spraker                                      Kevin R. Huguelet
Assistant United States Attorney                     Assistant United States Attorney
Chad.Spraker@usdoj.gov                               Kevin.Huguelet@usdoj.gov
USA Number 198                                       Florida Bar Number 125690
2110 First Street, Suite 3-137                       2110 First Street, Suite 3-137
Fort Myers, Florida 33901                            Fort Myers, Florida 33901
Phone: (239) 461-2200                                Phone: (239) 461-2237

5

## Certificate of Service

I certify that a copy of this paper was sent by email (on October 17) and will be sent by U.S. Mail (on October 17), to the following:

Plaintiff Richard Luthmann (pro se)
338 Sugar Pine Lane            Richard.luthmann@gmail.com
Naples, FL 34108

*/s/ Chad C. Spraker*
Chad C. Spraker

5