**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

|  |  |
|---|---|
| **RICHARD A. LUTHMANN,**<br><br>*Plaintiff,*<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action No. 2:21cv716-JES-NPM** |

## <u>DECLARATION OF NICOLE MOORE</u>

I, Nicole Moore, declare the following under 28 U.S.C. § 1746:

1.      I am currently employed as an Attorney-Advisor in the Freedom of Information Act/Privacy Act ("FOIA/PA") Office, part of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ").  I began my employ with EOUSA in July 2019.  Prior to that, from April 2015 to July 2019, I served as an Attorney-Advisor with the Pension Benefit Guaranty Corporation (PBGC), a federal corporation in Washington, DC.  During my time at PBGC, I served as an Attorney in the Office of General Counsel, first as a Contract Attorney in the Disclosure Division and then as a Privacy Attorney in the Privacy Office.  In the Privacy Office, I provided legal guidance and advice in the areas of privacy and disclosure of governmental records as a direct report to the agency's Chief Privacy Officer. Specifically, I drafted and published System of Records Notices (SORNs) for Privacy Act systems of records, drafted and updated agency-wide guidance and manuals and provided substantive legal review of agency Memoranda of Understanding and Interagency Agreements for privacy impacts. When assigned, I led the response to privacy breaches. In addition, my team received the Federal Privacy

Council's 2018 Award for Excellence for effective and innovative training programming for privacy. While in the Disclosure Division, I evaluated, reviewed and analyzed Freedom of Information Act (FOIA) and Privacy Act requests for disclosure decisions, issued Submitters' Notices in accordance with Executive Order 12,600 and provided advice regarding the potential harm to the government in disclosures of certain business records and contract details, drafted correspondence on behalf of the General Counsel in response to subpoenas requesting the appearance of government witnesses in response to subpoenas (Touhy process), I responded to requesters' FOIA requests in Spanish, and performed special assignments, such as, drafting opinion papers related to the treatment of later discovered records.

2.      As an attorney with EOUSA, I work as a liaison between EOUSA's other divisions and with other offices in the DOJ, providing advice and counsel on responding to requests for access to information located in this and the other 94 districts of the United States Attorneys' Offices ("USAOs").  I am well-versed in both matters that fall within the Civil Division and Criminal Division, and the discovery techniques applicable to each.  In addition, I am the Privacy Act expert for EOUSA and its USAOs, as well as the attorney responsible for reviewing EOUSA's Privacy Act Systems of Records, drafting the notifications for publication associated with those systems and providing opinions on the appropriateness of personally identifiable information collected by EOUSA and the various USAOs.  I review the adequacy of searches conducted in response to requests and FOIA determinations made by EOUSA staff to ensure that the processing of records and determinations to disclose or withhold responsive records are made in accordance with FOIA, Privacy Act, and DOJ regulations at 28 C.F.R. §§ 16.3 *et. seq.* and § 16.40 *et seq.*, and pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.  In total, I have more than ten (10) years of FOIA and Privacy Act experience, including an extensive knowledge of privacy and the Privacy Act

attained through trainings provided by the International Association of Privacy Professionals (IAPP) and various government agencies.

3.      Due to the nature of my position and primary responsibilities as an Attorney-Advisor, I am intimately familiar with the procedures followed by the FOIA/PA office, the various United States Attorney's Offices and am qualified to assess, review and direct the search for records in accordance with the Privacy Act, the Freedom of Information Act, and other applicable laws and policies.

4.      The purpose of this declaration is to provide the Court with information regarding EOUSA's response to the consultation request, and the rationale supporting the disclosure determination to withhold all of the records pursuant to FOIA Exemption (b)(3), in conjunction with Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 6(e), FOIA Exemption (b)(6), FOIA Exemption (b)(7)(C), and, FOIA Exemption (b)(7)(E).

## I.      ADMINISTRATIVE HISTORY OF RECORDS UPON RECEIPT BY EOUSA

5.      On October 17, 2023, EOUSA received a consultation request for the review of 54 pages of responsive records related to the subject litigation. The consultation request was assigned tracking number CON-2024-000014. On January 4, 2024, EOUSA received a second consultation request that included 39 pages of responsive records related to this litigation.

6.      The consultation process is a review of the records in accordance with the Privacy Act, the FOIA, and DOJ regulations, 28 C.F.R. § 16.1, *et seq.* EOUSA's FOIA Privacy Act Office processes all requests for records that originate or are maintained by EOUSA in Washington, D.C. and its 94 United States Attorney's Offices.

7.      As this matter originated as a request made under the Privacy Act and the Freedom

of Information Act, the responsive records must be considered under those laws and the applicable

case law.  After review of the records that are within the purview of EOUSA, I determined that the

records are non-segregable, and contain information that is subject to a Privacy Act exception,

several FOIA exemptions and a general prohibition on disclosure pursuant to a judicial sealing

order.

## II.    RATIONALE FOR WITHHOLDING

**EOUSA has no discretion to release records subject to an order sealing the records.**

8.    The records must be withheld in full as they are all under judicial seal.  EOUSA

has no discretion to release any record covered by an injunction, protective order, or court seal

which prohibits disclosure.  See GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386-387

(1980); See also Robert Tyrone Morgan v. U.S. Dept. of Justice, 923 F.2d 195 (D.C. Cir. 1991).

The application and order from February 2018 are both sealed by the February 2018 order and the

application and order from October 2017 are sealed by the order issued in October 2017.


**The information contained in the application and order are exempt from access pursuant to Privacy Act Exemption (j)(2).**

9.    As a threshold matter, subsection (j)(2) applies to systems of records maintained by

"an agency or component thereof which performs as its principal function any activity pertaining

to the enforcement of criminal laws."  This threshold requirement is usually met by obvious law

enforcement components such as the FBI, DEA, and ATF, but also by the U.S. Attorney's Office,

see, e.g., Boyd v. EOUSA, 87 F. Supp. 3d 58, 87 (D.D.C. 2015); Watson v. DOJ, No. 12-2129,

2013 WL 4749916, at *3 (W.D. La. Sept. 3, 2013); Plunkett v. DOJ, 924 F. Supp. 2d 289, 306-07

(D.D.C. 2013).

10.     Once an agency has satisfied the threshold requirement of establishing that it is a law enforcement component, it must establish that the system of records at issue consists of information compiled for one of the criminal law enforcement purposes listed in subsection (j)(2)(A)-(C), e.g., to identify criminal offenders, for a criminal investigation, or compiled at any stage of the enforcement of the criminal laws.  See, e.g., Mobley v. CIA, 806 F.3d 568, 586 (D.C. Cir. 2016) (finding that FBI's records compiled for purpose of ascertaining facts and circumstances of U.S. citizen's detention abroad satisfied legitimate law enforcement purpose); Boyd, 87 F. Supp. 3d at 87 (finding that EOUSA properly applied exemption under (j)(2)(B) to withhold plaintiff's criminal case files).

11.     While FBI has provided EOUSA with a copy of the application, order and attachments for consideration under this consultation request, EOUSA also maintains that the records are subject to Privacy Act exclusions as wiretap applications, orders and similar records, are maintained in Privacy Act systems that are exempt from access and amendment.  In addition to the copies maintained by FBI and DOJ's Criminal Division, these records are contained in USA-007, Criminal Case Files (last published at 53 FR 1864 (1-22-1988)), a system with exemptions claimed pursuant to 5 U.S.C. 552a(j)(2), (k)(1), and (k)(2). See 28 C.F.R. § 16.81.

**The application and order authorizing the interception of wire and electronic communications and its associate attachments are withheld pursuant to FOIA Exemption (b)(3) - Grand Jury (6)(e), Title III Omnibus Crime Control and Safe Streets Act 18 USC 2510-20 and, Pen Register Act 18 USC 3123(d).**

12.     The application, order and attachments containing the basis for obtaining, and in this instance issuing authorization for a wiretap were part of documents presented to the Grand

Jury and as such, are withheld pursuant to FOIA Exemption (b)(3).

13.     Exemption 3 of the FOIA protects from disclosure records that are specifically exempted from disclosure by other federal statutes, "provided that such statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph." 5 U.S.C. § 552 (b)(3).

14.     All of the information withheld by EOUSA pursuant to Exemption 3 falls under subpart (A)(i) of the FOIA – EOUSA has no discretion to release this information inasmuch as it is required to be withheld from public disclosure pursuant to federal statute(s) which were enacted prior to 2009.

15.     As an initial matter, Rule 6(e) was amended by Congress in 1977, and therefore was "enacted" by Congress well before the date of enactment of the OPEN FOIA Act of 2009. *See* Fed. R. Crim, P. 6(e), enacted by Act of July 30, 1977, Pub. L. No. 95-78, 91 Stat. 319.  Rule 6(e) establishes the preservation of the secrecy of grand jury proceedings and material, regardless of the nature of the record in which the material is discussed, when disclosure would reveal a protected aspect of the grand jury's investigation. In the record at issue, only that information which explicitly discloses matters occurring before a federal grand jury – the disclosure of which would reveal a secret aspect of the grand jury's investigation.  The information has been withheld in full as it concerns the inner workings of federal grand juries – specifically, the names, identifying information of individuals and details of the investigation that gave rise to the application that was presented to a federal grand jury (or information that might reveal that the witness was subpoenaed or testified before the grand jury) and information provided by these individuals.  After review, I

determined that the information cannot be released without violating the non-disclosure requirements on Rule 6(e).

16.     The information contained in the application, order and attachments is protected from disclosure pursuant to Title III Omnibus Crime Control and Safe Streets Act 18 USC 2510-20, a qualifying Exemption 3 statute. The wiretap documents concern the contents of intercepted communications.  Title III provides a comprehensive statutory scheme regulating both electronic surveillance as an investigative tool as well as the disclosure of information obtained through such surveillance and imposes clear restraints on the use and disclosure of intercepted communications. The attachments contain details of discussions between the AUSA and FBI Special Agents in support of this investigation and reference the affidavit of the Special Agent.  The information forms the basis for the probable cause that gave rise to the issuance of the order and after review, I have determined that this information should be withheld pursuant to FOIA Exemption 3.

17.     The application, order and attachments are withheld from disclosure pursuant to the Pen Register Act 18 USC 3123(d), which provides for the issuance of ex-parte orders authorizing the installation and use of pen registers and trap and trace devices. While the Pen Register Act requires that such orders contain sealing and nondisclosure provisions, specifically, that (1) the order be sealed until otherwise ordered by the court; and that (2) the person owning or leasing the line or other facility to which the pen register or a trap and trace device is attached or applied, or who is obligated by the order to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the court, it is rather EOUSA's position, that the information be withheld as the Pen Register Act is a qualifying statute under FOIA Exemption (b)(3).  As such, it was my determination that the application, order, and attachments,

are not only prohibited from disclosure pursuant to the sealing order issued as required by the Pen Register Act, but under FOIA Exemption 3. The information contained in the application and attachments, cast light on the factors considered by the Assistant United States Attorney to seek the application and the motivation for the details in the documents to be sealed.  Disclosure of these details would reveal the details of how the government determines whether to pursue such a wiretap and the timeframe between investigation, application for the wiretap and issuance of the order permitting the wiretap. Together, these details cast a light on the factors that trigger the investigation, permit the application and motivate the court to seal the information.

**The records contain information identifying DOJ personnel in sensitive positions and disclosure would be a clearly unwarranted invasion of personal privacy pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).**

18.     Defendant is withholding under Exemption 6 private personal information from the records as it is our belief that the disclosure of that information would constitute a clearly unwarranted invasion of the personal privacy of individuals.  Exemption 6 protects personal identifying information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." As a threshold matter, the withheld records constitute "similar files" within the meaning of Exemption 6 because they pertain to specific individuals.

19.     Public identification of the DOJ employees, along with their email addresses, direct phone lines and cell phone numbers could subject them to harassment.  Accordingly, DOJ has recognized that these individuals also have a substantial privacy interest in avoiding disclosure of their information in the requested documents.

20.     Disclosure of individual's signatures, specifically, the signature of the officer who

issued the Plaintiff's warrant could subject them to harassment and identity fraud.

21.     The FOIA requires that, once a substantial privacy interest has been identified, it must be balanced against the magnitude of any recognized public interest that would be served by the disclosure. The proper focus of the balancing process is on the nature of the requested information and its relationship to FOIA's purpose to open agency action to the light of public scrutiny. Disclosure of the information described above would not shed light on the performance of the statutory duties of DOJ.  In review of Plaintiff's complaint, the Plaintiff has identified no public interest which should be balanced against the privacy interests of these individuals. Accordingly, DOJ has concluded that, on balance, the individuals' privacy interests substantially outweighed any purported public interest in the disclosure of the information.

22.     The EOUSA FOIA/PA staff withheld information in the records pursuant to Exemption 7(C) because the records were compiled for law enforcement purposes and while disclosed to a criminal defendant in accordance with the discovery provisions of the Federal Rules of Civil Procedure, disclosure of that information through the FOIA process is prohibited pursuant to Exemption (7)(C).  This exemption restricts the release of information as it could reasonably be expected to constitute an unwarranted invasion of personal privacy.  As stated above in connection with Exemption 6, the Courts and DOJ have long recognized that private individuals and government personnel involved in criminal investigations have substantial interests in avoiding the unnecessary disclosure of their information.

23.     Exemption 7(C) requires a balancing process.  And, as discussed above in regard to Exemption 6, there is no substantial public interest in the disclosure of the information Plaintiff is seeking. As a result, there is no public interest to be balanced against the important privacy interests and rights of these individuals. Accordingly, disclosure of private personal identifying

information about the individuals described above would violate their substantial interest in controlling information concerning their persons.

24.     Inasmuch as the information withheld is personal to an individual, there is clearly a privacy interest involved. I am required, therefore, to determine whether any public interest in disclosure exists, and to weigh any such interest against the extent of the invasion of privacy. I have concluded that (1) disclosure of the withheld information would result in a clearly unwarranted invasion of personal privacy; and (2) disclosure of the information would not serve the "core purpose" of the FOIA, i.e., it would not show "what the government is up to." Accordingly, the privacy interest clearly outweighs any public interest in disclosure of such personal information and must, therefore, prevail.

**FOIA Exemption 7 exempts from mandatory disclosure "records or information compiled for law enforcement purposes" when disclosure could reasonably be expected to cause one of the harms enumerated in the subparts of the exemption. 5 U.S.C. § 552(b)(7).**

25.     As a threshold matter, information withheld pursuant to Exemption 7 and its subparts must be or have been compiled for law enforcement purposes.  The application, order and attachments were compiled for the sole purpose of investigation, and prosecution.

26.     Exemption 7(E) of the FOIA protects "records or information compiled for law enforcement purposes" when disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). This exemption affords categorical protection to techniques and procedures used in law enforcement investigations. It protects techniques and procedures that are not well-known to the public, as well as non-public details concerning the use

of publicly-known techniques and procedures. The information contained in the application are investigatory details about how DOJ justifies its pursuit of wiretap order, information that is not known to the public and whose disclosure would assist individuals in taking evasive actions or countermeasures to circumvent the utility of wiretaps.

## III.   SEGREGATION

27.    EOUSA contends that the records must be fully withheld pursuant to a judicial seal and the grand jury exclusion. However, I have also considered the potential releasability of these records if these arguments fail. After review of the application and order for the interception and its attachments, I have determined that there is not any non-exempt information that could be reasonably segregated and released. All of the withheld information is exempt under one or more of the exemptions discussed herein. Accordingly, I have determined that there is no segregable non-exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 30th day of January 2024.

1/30/2024

X _____

Nicole Y. Moore
Attorney Advisor
Signed by: NICOLE MOORE